Ham, Judge.
 

 How far the charge of the Judge in this case will admit of verbal criticism, is not my province to enquire; but that it is plain and perspicuous, so as to be readily comprehended by the. Jury, I think there can be but little doubt. They-were told, that they
 
 might
 
 consider whether
 
 Jane Scott
 
 was of a black complexion. If she was, they
 
 might
 
 presume from that fact that she was a slave ; if she was of a yellow complexion, no presumption of slavery could arise from her color.~ This part of the charge has been fojund fault with in argument, because the Jury were not Instructed that they
 
 must
 
 presume that.Jane
 
 Scott
 
 was a slave, if she was of a black African complexion. The Judge, .to be sure, in more harsh, dictatorial terms, might have done so, but I think the difference would be verbal rather than substantial. When they were told, that no presumption
 
 could
 
 arise from a yellow complexion, they must have understood the Judge to mean, that a presumption of slavery
 
 must
 
 arise from a black one. I think there, is nothing solid in this objection. No doubt but that the attention of the Jury was principally directed to the evidence offered, as to the fact of slavery or freedom j and to that evidence, the next objection made to the Judge’s charge, makes it necessary to advert. It is argued, that the damages ought to be
 
 nominal;
 
 that it was an action brought to decide a mere question of property between innocent persons..' This may be the case ; but the fact is, that the mother of the Plaintiff was indented for a term of years, as a free girl, to the father of the Defendant, and the Plaintiff was put into the possession of the Defendant by the father. It is true, the indentures to
 
 Joseph Williams, sen.
 
 were not conclusive that
 
 Jemima
 
 was a free per
 
 *378
 
 son . },u(- ¡t wag a circumstance in evidence to the Jury, an<^ as under the charge of the Court, have found more than nominal damages, having a discretion to do so, under the circumstances of the case, I think it improper to grant a new trial.
 

 Per Curiam. — Judgment affirmed.